# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

Admiral Insurance Company,

    Plaintiff,

v.

John Michael Woodruff, Jennifer Rae Woodruff; Scranton Manufacturing Company, Inc.; Scranton Manufacturing International Inc.; Chris Anderson; Tyler Knight; McLaughlin Family Companies, Inc.,

    Defendants.

Civil Action No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Admiral Insurance Company, for its Complaint for Declaratory Judgment against John Michael Woodruff, Jennifer Rae Woodruff, Scranton Manufacturing Company, Inc., Scranton Manufacturing International Inc., Chris Anderson, Tyler Knight, and McLaughlin Family Companies, Inc. alleges and states as follows:

## PARTIES

1. Plaintiff, Admiral Insurance Company ("Admiral"), is a corporation organized under the laws of the State of Delaware, with its principal place of business in Scottsdale, Arizona.

2. Upon information and belief, Defendants John Michael Woodruff and Jennifer Rae Woodruff (collectively, the "Woodruff Defendants") are residents of Greene County, Iowa.

3. Upon information and belief, Defendant Scranton Manufacturing Company, Inc. ("Scranton Manufacturing") is a corporation organized under the laws of the State of Iowa, with its principal place of business in Iowa.

4. Upon information and belief, Defendant Scranton Manufacturing International Inc. ("Scranton International") is a corporation organized under the laws of the State of Iowa, with its principal place of business in Iowa.

5. Defendant Chris Anderson is a resident and citizen of Iowa.

6. Defendant Tyler Knight is a resident and citizen of Iowa.

7. Upon information and belief, Defendant McLaughlin Family Companies, Inc. ("McLaughlin") is a corporation organized under the laws of the State of Iowa, with its principal place of business in Iowa.

## JURISDICTION AND VENUE

8. This is an action for declaratory judgment under 28 U.S.C. § 2201 and § 2202.

9. This Court further has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the citizenships of the parties are diverse and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Specifically, the amount in controversy includes a $1,000,000 limit of liability under liability policy issued by Admiral to McLaughlin Family Companies, Inc.

10. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists between the parties since the

beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

## FACTS

### The Underlying Lawsuit

12.     On February 17, 2024, the Woodruff Defendants filed an Amended Petition against Scranton Manufacturing, Scranton International, Chris Anderson, Tyler Knight, and McLaughlin in the Iowa District Court for Greene County, Case No. LACV022291 (the "Underlying Lawsuit"). A copy of the Amended Petition is attached as **Exhibit 1**.

13.     The Underlying Lawsuit alleges that Defendant John Woodruff was employed as a welder by Scranton Manufacturing on February 24, 2022 when he was injured while using a "plasma cutter" to perform certain welds ("the Incident"). (Ex. 1, p. 3)

14.     The Underlying Lawsuit further alleges that while Defendant John Woodruff was using the plasma cutter, a spark from the metal ignited his welding jacket and cotton shirt he was wearing, causing severe burns to his torso and face. (*Id*.)

15.     It is further alleged that Defendants Scranton Manufacturing, Scranton International, and McLaughlin "jointly operate" and "act as agents and representatives of each other" relating to activities at the facility in Scranton, Iowa, where the Incident took place. (*Id*., p. 7)

16. Although the Underlying Lawsuit does not expressly label the causes of action against Defendants Scranton Manufacturing, Scranton International, and McLaughlin, "Count 1" alleges that Defendant John Woodruff sustained injury "as a direct and proximate result of defendants' gross and willful negligence." (*Id*.)

17. The Underlying Lawsuit further alleges that Defendants Scranton Manufacturing, Scranton International, and McLaughlin had "actual knowledge that the welding practices in place at [Scranton Manufacturing's] place of business in Scranton, Iowa" and "actual knowledge that the welding practices in place at [Scranton Manufacturing] were likely to result in a welder's clothing catching on fire." (*Id*.)

18. The Underlying Lawsuit alleges that Defendants Scranton Manufacturing, Scranton International, and McLaughlin "had knowledge that on other occasions, welders' clothing at [Scranton Manufacturing] had caught on fire" and that "welders had been burned while welding while at [Scranton Manufacturing]." (*Id*., p. 8)

19. The Underlying Lawsuit alleges that Defendants Scranton Manufacturing, Scranton International, and McLaughlin "intentionally, willfully, and/or recklessly placed [Defendant John Woodruff] in a hazardous working environment where it was likely that he would suffer burns while welding." (*Id*.)

20. The Woodruff Defendants seek to recover compensatory and punitive damages from Defendants Scranton Manufacturing, Scranton International, and McLaughlin in the Underlying Lawsuit.

12312\320998531.v1

21.     The Underlying Lawsuit alleges that Defendants Anderson and Knight had "actual knowledge that the welding practices in place at [Scranton Manufacturing] were likely to result in a welder's clothing catching on fire." (Ex. 1, pp. 10, 12)

22.     The Underlying Lawsuit alleges that Defendants Anderson and Knight "had knowledge that on other occasions, welders' clothing at [Scranton Manufacturing] had caught on fire" and that "welders had been burned while welding at [Scranton Manufacturing]" prior to the Incident. (*Id.*)

23.     The Underlying Lawsuit alleges that Defendants Knight and Anderson "intentionally, willfully, and/or recklessly" placed Defendant John Woodruff "in a hazardous environment where it was likely that he would suffer burns while welding." (*Id.*)

24.     The Woodruff Defendants seek to recover compensatory and punitive damages from Defendants Knight and Anderson. (*Id.*, pp. 10-12)

**The Policy**

25.     Admiral issued a commercial lines policy to Named Insured McLaughlin that was in effect for the policy period February 3, 2022 to February 3, 2023, Policy No. CAxxxxxxx52-01 (the "Policy"). A copy of the Policy is attached as **Exhibit 2.**

26.     The Policy provides a $1,000,000 "each occurrence" / $2,000,000 general aggregate limit of coverage. (Ex. 2)

27.     The Policy's "Named Insured Endorsement" (Form AD 07 85 01 95) lists McLaughlin, Scranton Manufacturing, and Scranton International as "Named Insureds" under the Policy.

28. Defendants Knight and Anderson are not listed as Named Insureds under this endorsement.

29. However, the Amended Petition alleges that Anderson was the "health and safety manager" at Scranton Manufacturing, and that Knight was the "health and safety specialist" at Scranton Manufacturing as of February 24, 2022. (*Id.*, pp. 10, 12)

30. Because Defendants Anderson and Knight were employed by Scranton Manufacturing at the time of the Incident, they qualify as "insureds" under the Policy pursuant to the following provisions in the Policy's "Employee Bodily Injury to a Co-Employee" endorsement (Form AI 08 76 02 20):

**EMPLOYEE BODILY INJURY TO A CO-EMPLOYEE**

1. Paragraph 2.a. of Section II - Who Is An Insured is deleted and replaced by the following:

2. Each of the following is also an insured:

   a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

   However, none of these "volunteer workers" are insureds for:

   (1) "Bodily injury" or "personal and advertising injury":

      (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to your other "volunteer workers" while performing duties related to the conduct of your business;

  (b) To the spouse, child, parent, brother or sister of that "volunteer worker" as a consequence of Paragraph (1)(a) above;

  (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

  (d) Arising out of his or her providing or failing to provide professional health care services.

(2) None of these "employees" are insureds for "bodily injury" or "personal and advertising injury":

  (a) To you, to your partners or members (if you are a partnership or joint venture), to your members (if you are a limited liability company), or to your other "volunteer workers" while performing duties related to the conduct of your business;

  (b) To the spouse, child, parent, brother or sister of that "volunteer worker" as a consequence of Paragraph (1)(a) above;

  (c) For which there is any obligation to share damages with or repay someone else who must pay damages because of the injury described in Paragraphs (1)(a) or (b) above; or

  (d) Arising out of his or her providing or failing to provide professional health care services.

(3) None of these "employees" or "volunteer workers" are insureds for "property damage" to property:

  (a) Owned, occupied or used by,

  (b) Rented to, in the care, custody or control of, or over which physical control is being exercised for any purpose by you, any of your "employees", "volunteer workers", any partner or member (if you are a partnership or joint venture), or any member (if you are a limited liability company).

31.   The term "employee" is defined in the CGL Coverage as follows:

> **5.**   "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

(Ex. 2, ADMIRAL0022)

32.   Pursuant to this endorsement, Defendants Anderson and Knight are "employees" who qualify as "insureds" under the Policy for purposes of the claims asserted against them by their co-employee, Defendant John Woodruff, to the extent they were acting in the course and scope of their employment with Defendant Scranton Manufacturing or performing duties related to the conduct of Defendant Scranton Manufacturing's business at the time of the Incident.

## COUNT I – DECLARATORY JUDGMENT
## (CROSS-LIABILITY EXCLUSION)

33.   Admiral incorporates Paragraphs 1 through 32 as if fully set forth herein.

34.   The CGL Coverage includes the following "Cross Liability Exclusion" through form AD 07 40 02 07, which states as follows:

**CROSS LIABILITY EXCLUSION**

It is agreed this insurance does not apply to:

**(1)**   Any claim made or "suit" brought for damages or liability of any kind by any Named Insured or any "employee", "volunteer worker", "temporary worker", "executive officer", director, stockholder, partner or member of any Named Insured against any other Named Insured or any "employee", "volunteer worker", "temporary worker", "executive officer", director, stockholder, partner or member of any other Named Insured because of "bodily injury", "property damage" or "personal and advertising injury"; or

**(2)**   Any claim made or "suit" brought for damages by the spouse, child, parent, brother or sister of any "employee", "volunteer worker",

"temporary worker", "executive officer", director, stockholder, partner or member of any Named Insured as a consequence of **(1)** above.

It is further agreed the Company shall not have the obligation to indemnify, defend, adjust, investigate or pay any cost or expense of any kind for any claim made or "suit" brought which is excluded under the terms of this endorsement.

(Ex. 2, ADMIRAL0044).

35. Because Defendant John Woodruff is an "employee" who asserts claims in the Underlying Lawsuit against "Named Insureds" under the Policy, the "Cross-Liability Exclusion" applies to preclude coverage under the Policy for the claims asserted against Defendants Scranton Manufacturing, Scranton International, and McLaughlin in the Underlying Lawsuit.

36. Admiral has no obligation to provide defense or indemnity coverage for the claims asserted against Defendants Scranton Manufacturing, Scranton International, and McLaughlin in the Underlying Lawsuit because the Policy's "Cross-Liability Exclusion" endorsement applies to bar all coverage for the Underlying Lawsuit.

37. An actual, present, and justiciable controversy exists between the parties regarding this issue that warrants entry of declaratory judgment by this court.

## COUNT II - DECLARATORY JUDGMENT
### (NO "OCCURRENCE")

38. Admiral incorporates Paragraphs 1 through 37 as if fully set forth herein.

39. The insuring agreement for Coverage A in the Policy's CGL Coverage is provided through form CG 00 01 04 13, and provides in pertinent part as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)    The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

        (2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

(Ex. 2, ADMIRAL0010)

    40.    The term "occurrence" is defined in the CGL Coverage as follows:

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  "Occurrence" also means an incident arising out of a "training exercise" or providing or failing to provide "emergency services operations" to others.

(Ex. 2, ADMIRAL0023).

    41.    The Underlying Lawsuit alleges that Defendants Scranton Manufacturing, Scranton International, Woodruff, Anderson, and Knight  "intentionally, willfully, and/or

recklessly placed [Defendant John Woodruff] in a hazardous work environment where it was likely that he would suffer burns while working." (Ex. 1, pp. 8, 10-12).

42. The Underlying Lawsuit also alleges that Defendants Scranton Manufacturing, Scranton International, Woodruff, Anderson, and Knight acted with "gross and willful [wanton] negligence." (Ex. 1, pp. 8, 10. 12).

43. In order to establish an exception to common law immunity afforded to Defendants Anderson and Knight, Defendant John Woodruff will be required under Iowa law to establish that Defendants Anderson and Knight acted with gross negligence amounting to such a lack of care as to amount to wanton neglect.

44. In order to establish wanton neglect for purposes of this exception to immunity, Defendant John Woodruff will be required to establish that Defendants Anderson and Knight had (a) knowledge of the peril to be apprehended; (b) knowledge that injury to Woodruff was a probable as opposed to possible result of the danger, and (c) consciously failed to avoid the peril.

45. If Defendant John Woodruff is able to establish that the exception to common law immunity applies to his claims against Defendants Anderson and Knight, it also would be established that Defendants Anderson and Knight acted with wanton neglect and that Woodruff was not injured as the result of an "occurrence" or accident as those terms are used in the Policy.

46. Because Admiral cannot have any obligation to indemnify Defendants Anderson and Knight in the Underlying Lawsuit, Admiral also has no obligation to provide a defense to Anderson and Knight.

47. Admiral has no obligation to provide coverage for the claims asserted against Defendants Anderson and Knight in the Underlying Lawsuit because the Defendant John Woodruff's alleged injuries and damages cannot be damages resulting from an "occurrence" or accident.

48. Admiral has no obligation to provide coverage to Defendants Scranton Manufacturing, Scranton International, or McLaughlin to the extent it is determined that they "intentionally or willfully" placed Defendant John Woodruff in a working environment where it was likely he would be injured because then Woodruff's resulting injuries would not have been the result of an "occurrence" or accident.

49. Admiral has no obligation to provide defense or indemnity coverage for the claims asserted against Defendants Scranton Manufacturing, Scranton International, McLaughlin, Anderson, and Knight in the Underlying Lawsuit to the extent it is determined that they acted with "wanton neglect" with regard to Defendant John Woodruff's safety because then Woodruff's resulting injuries would not have been the result of an "occurrence" or accident.

50. An actual, present, and justiciable controversy exists between the parties regarding this issue that warrants entry of declaratory judgment by this court.

**COUNT III - DECLARATORY JUDGMENT**
**(EXCLUSION 2.a.)**

51. Admiral incorporates Paragraphs 1 through 50 as if fully set forth herein.

52. Coverage A in the Policy's CGL Coverage includes the following exclusion from coverage:

...

    **2.**    **Exclusions**

    This insurance does not apply to:

    **a.**    **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    \* \* \*

(Ex. 2, ADMIRAL0011)

53. In order to establish an exception to common law immunity afforded to Defendants Anderson and Knight, Defendant John Woodruff will be required under Iowa law to establish that Anderson and Knight acted with gross negligence amounting to such a lack of care as to amount to wanton neglect.

54. If Defendant John Woodruff is able to establish that the exception to common law immunity applies to his claims against Defendants Anderson and Knight, it also would be established that Defendants Anderson and Knight acted with wanton neglect and that Defendant John Woodruff's injuries were "expected or intended" from the standpoint of Defendants Anderson and Knight and, therefore, excluded from coverage by Exclusion 2.a.

55. Because Exclusion 2.a. applies to relieve Admiral of any obligation to indemnify Defendants Anderson and Knight in the Underlying Lawsuit, Exclusion 2.a. also applies to relieve Admiral of any obligation to provide a defense to Anderson and Knight.

56. Admiral also has no obligation to provide coverage to Defendants Scranton Manufacturing, Scranton International, or McLaughlin to the extent it is determined that Defendant John Woodruff's injuries were "expected or intended" from their standpoint

because Exclusion 2.a. would apply to preclude all coverage for the claims against these Defendants.

57. An actual, present, and justiciable controversy exists between the parties regarding this issue that warrants entry of declaratory judgment by this court.

## COUNT IV– DECLARATORY JUDGMENT
### (EXCLUSION 2.d.)

58. Admiral incorporates Paragraphs 1 through 57 as if fully set forth herein.

59. Coverage A in the Policy's CGL Coverage includes the following exclusion from coverage:

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> **d.    Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

(Ex. 2, ADMIRAL0011)

60. Because Defendant Scranton Manufacturing is Defendant John Woodruff's employer, Exclusion 2.d. applies to bar coverage for the Underlying Lawsuit for Scranton Manufacturing.

61. To the extent it is determined that Defendants Scranton International or McLaughlin also qualify as Defendant John Woodruff's employer, Exclusion 2.d. applies to bar coverage for the Underlying Lawsuit for these defendants.

62. An actual, present, and justiciable controversy exists between the parties regarding this issue that warrants entry of declaratory judgment by this court.

## COUNT V – DECLARATORY JUDGMENT
### (EXCLUSION 2.e.)

63. Admiral incorporates Paragraphs 1 through 62 as if fully set forth herein.

64. Coverage A in the Policy's CGL Coverage includes the following exclusion from coverage:

> **2.    Exclusions**
>
> This insurance does not apply to:
>
> * * *
>
> **e.    Employer's Liability**
>
> "Bodily injury" to:
>
> (1)    An "employee" of the insured arising out of an in the course of:
>
>    (a)    Employment by the insured; or
>
>    (b)    Performing duties related to the conduct of the insured's business; or
>
> (2)    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

(Ex. 2, ADMIRAL0011)

65. Because Defendant Scranton Manufacturing is Defendant John Woodruff's employer, Exclusion 2.e. applies to bar coverage for the Underlying Lawsuit for Scranton Manufacturing.

66. To the extent it is determined that Defendants Scranton International or McLaughlin also qualify as Defendant John Woodruff's employer, Exclusion 2.e. applies to bar coverage for the Underlying Lawsuit for these defendants.

67. An actual, present, and justiciable controversy exists between the parties regarding this issue that warrants entry of declaratory judgment by this court.

WHEREFORE, Admiral respectfully requests the Court to:

a. Determine and adjudicate the parties' respective rights and obligations under the Policy;

b. Enter judgment awarding the declaratory relief requested by Admiral in Counts I through V of this Complaint and ordering that Admiral has no obligation to defend or indemnify Defendants Scranton Manufacturing, Scranton International, McLaughlin, Anderson or Knight in connection with the Underlying Lawsuit;

d. Enter judgment awarding Admiral the costs of this action and such further relief as this Court deems equitable, just and proper under the evidence and circumstances of this proceeding.

Dated:   June 14, 2024.

                HINSHAW & CULBERTSON LLP


            By:  /s/ Paulette S. Sarp
                Paulette S. Sarp, Reg. No. 351453
                250 Nicollet Mall, Suite 1150
                Minneapolis, MN  55401
                Telephone:  612-333-3434
                Fax:  612-334-8888
                psarp@hinshawlaw.com

                Attorneys for Plaintiff Admiral Insurance Company